**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BRUCE BAER,                                    )   NO. CV 05-1233-E
                                               )
                 Plaintiff,    )
                                               )
     v.                                 )   **MEMORANDUM OPINION**
                                               )
JO ANNE B. BARNHART, COMMISSIONER              )
OF SOCIAL SECURITY ADMINISTRATION,             )
                                               )
                 Defendant.    )
_____)

**PROCEEDINGS**

Plaintiff filed a Complaint on February 23, 2005, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on March 23, 2005.

Plaintiff filed a motion for summary judgment on August 4, 2005.  Defendant filed a cross-motion for summary judgment on September 6, 2005.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed February 25, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based on various alleged physical and mental impairments (Administrative Record ("A.R.") 142). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff, a medical expert, and a vocational expert (A.R. 25-95, 190-310).

The ALJ found Plaintiff suffers from depressed mood disorder and spondylosis of the lumbosacral spine (A.R. 20-21). The ALJ also found, however, that Plaintiff retains the ability to perform his past relevant work as an electronics tester (A.R. 21-22). The Appeals Council denied review (A.R. 5-6).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's]

1    conclusion." <u>Ray v. Bowen</u>, 813 F.2d 914, 915 (9th Cir. 1987)

2    (citation and quotations omitted).  However, the Court cannot disturb

3    findings supported by substantial evidence, even though there may

4    exist other evidence supporting Plaintiff's claim.  <u>See</u> <u>Torske v.</u>

5    <u>Richardson</u>, 484 F.2d 59, 60 (9th Cir. 1973), <u>cert. denied</u>, 417 U.S.

6    933 (1974); <u>Harvey v. Richardson</u>, 451 F.2d 589, 590 (9th Cir. 1971).

7

8                              **DISCUSSION**

9

10        After consideration of the record as a whole, Defendant's

11   motion is granted and Plaintiff's motion is denied.  The

12   Administration's findings are supported by substantial evidence and

13   are free from material[1] legal error.

14

15        Plaintiff argues that the ALJ erred by allegedly rejecting

16   the opinions of two treating psychiatrists, Dr. James Rosenberg and

17   Dr. A.J. Botwin.  Plaintiff's argument lacks merit, as the ALJ

18   properly concluded from these doctors' assessments of Plaintiff's

19   mental condition that Plaintiff is not disabled.

20

21        In a Mental Disorder Questionnaire Form completed by

22   Dr. Rosenberg on October 29, 2002, Dr. Rosenberg stated that,

23   at the time of intake, Plaintiff demonstrated psychotic thought

24   processes, impaired judgment, and limited insight (A.R. 256).

25

26        ───────────────

27        [1]    The harmless error rule applies to the review of
     administrative decisions regarding disability.  <u>See</u> <u>Curry v.</u>
     <u>Sullivan</u>, 925 F.2d 1127, 1129 (9th Cir. 1991); <u>see also</u> <u>Batson v.</u>
28   <u>Commissioner</u>, 359 F.3d 1190, 1196 (9th Cir. 2004); <u>Tonapetyan v.</u>
     <u>Halter</u>, 242 F.3d 1144, 1148 (9th Cir. 2001).

1   Dr. Rosenberg noted that Plaintiff had difficulty concentrating and
2   an impaired ability to focus on numerous tasks, but could comprehend
3   simple oral and written instructions (A.R. 257).  Dr. Rosenberg also
4   noted that Plaintiff exhibited difficulty with managing the stresses
5   commonly associated with the workplace, as well as difficulty
6   relating to others (A.R. 258).  At the same time, however, Dr.
7   Rosenberg noted that Plaintiff reported improvement in his symptoms
8   with medication, and Plaintiff was "expected to improve [in] no less
9   than 1 year." Id.

10

11       The ALJ's decision discusses Dr. Rosenberg's opinions in
12   detail (A.R. 19-21).  The decision is not necessarily inconsistent
13   with Dr. Rosenberg's assessment of Plaintiff's mental limitations,
14   for the ALJ accepted that Plaintiff has no difficulty performing
15   simple, routine, and repetitive work, but should be limited to only
16   frequent performance of complex, technical work and occasional
17   contact with the public and co-workers (A.R. 19-21).  Dr. Rosenberg's
18   assessment did not define a disabling degree of functional
19   limitation.  Consequently, any alleged failure properly to consider
20   Dr. Rosenberg's assessment was harmless.  The assessment, even if
21   wholly accepted, would neither establish disability nor satisfy the
22   twelve-month durational requirement.  See Barnhart v. Wilson, 535
23   U.S. 212, 218-25 (2002).  Krumpelman v. Heckler, 767 F.2d 586, 589
24   (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986).

25

26       The ALJ also properly considered the medical records
27   submitted by Dr. Botwin regarding Plaintiff's mental impairments
28   (A.R. 19).  Plaintiff cites to a single statement by Dr. Botwin in

a March 14, 2003 progress note that Plaintiff "remains temporarily disabled from working" (A.R. 302).  As the ALJ correctly observed, however, the progress note also contains Dr. Botwin's observations that Plaintiff was a full-time student, was "doing well" in school with treatment, and was overall relatively stable and doing well in all areas (A.R. 19, 302).  Based on this evidence, the ALJ reasonably could conclude that Plaintiff's mental limitations were not disabling.  See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995) (where the evidence "admits of more than one rational interpretation," the Court must uphold the Administrative decision).

Moreover, although the ALJ's decision does not specifically discuss the vague statement in Dr. Botwin's progress note that Plaintiff "remains temporarily disabled from working," any possible error resulting from this omission was harmless.  The progress note provides no information regarding the expected duration of Plaintiff's condition, and therefore fails to establish that Plaintiff's mental impairments satisfy the twelve-month durational requirement.  See Barnhart v. Walton, 535 U.S. 212, 218-25 (2002); Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986).

///
///
///
///
///
///
///

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  September 29, 2005.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE